UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE PIPE FITTERS' WELFARE FUND, LOCAL 597; BOARD OF TRUSTEES OF THE PIPE FITTERS' RETIREMENT FUND, LOCAL 597; BOARD OF TRUSTEES OF THE PIPE FITTERS' TRAINING FUND, LOCAL 597; and BOARD OF TRUSTEES OF THE PIPE FITTERS LOCAL 597, INDIVIDUAL ACCOUNT AND 401(k) PLAN,<br><br>Plaintiffs,<br><br>vs.<br><br>CARRIER CORPORATION d/b/a CARRIER COMMERCIAL SERVICES, a Delaware Corporation authorized to transact business in Illinois,<br><br>Defendant. | CASE NO.:<br><br>JUDGE:<br><br>MAGISTRATE JUDGE: |

**COMPLAINT**

NOW COME Plaintiffs, the BOARD OF TRUSTEES OF THE PIPE FITTERS' WELFARE FUND, LOCAL 597, *et al.*, by and through their attorneys, JOHNSON & KROL, LLC, complaining of Defendant CARRIER CORPORATION d/b/a CARRIER COMMERCIAL SERVICES, and allege as follows:

**JURISDICTION AND VENUE**

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act. (29 U.S.C. § 186). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the Pipe Fitters' Welfare Fund, Local 597 ("Welfare Fund"), Pipe Fitters' Retirement Fund, Local 597

("Retirement Fund"), the Pipe Fitters Local 597, Individual Account and 401(k) Plan ("401(k) Plan") and the Pipe Fitters' Training Fund, Local 597 ("Training Fund") (collectively the "Funds"), are administered at 45 North Ogden Avenue, Chicago, Illinois and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

**PARTIES**

3. The Funds receive contributions from numerous employers pursuant to the collective bargaining agreements between the employers and the Pipe Fitters' Association, Local Union 597, U.A. ("Local 597"), and therefore are multiemployer plans under 29 U.S.C. § 1002.

4. The Funds are jointly managed by Union Trustees appointed by Local 597 and Employer Trustees appointed by the Mechanical Contractors Association of Chicago ("MCAC").

5. The BOARD OF TRUSTEES OF THE PIPE FITTERS' WELFARE FUND, LOCAL 597; BOARD OF TRUSTEES OF THE PIPE FITTERS' RETIREMENT FUND, LOCAL 597; BOARD OF TRUSTEES OF THE PIPE FITTERS' TRAINING FUND, LOCAL 597, and BOARD OF TRUSTEES OF THE PIPE FITTERS LOCAL 597, INDIVIDUAL ACCOUNT AND 401(k) PLAN (collectively the "Trustees") are fiduciaries of the Funds and are authorized pursuant to 29 U.S.C. § 1132(a)(3) to bring suit to obtain appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the Funds' plan documents.

6. Local 597 is the bargaining representative of Defendant CARRIER CORPORATION d/b/a CARRIER COMMERCIAL SERVICES ("Carrier Corporation")'s pipefitter employees.

7. Defendant CARRIER CORPORATION d/b/a CARRIER COMMERCIAL SERVICES ("Carrier Corporation") is a Delaware Corporation authorized to transact business in Illinois.

**COUNT I**
**CARRIER CORPORATION'S BREACH OF THE NATIONAL AGREEMENT AND FUNDS' TRUST AGREEMENTS (AS AMENDED) -**
**FAILURE TO PROCURE AND MAINTAIN WAGE AND WELFARE BOND**

8. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-7 of this Complaint with the same force and effect as if fully set forth herein.

9. Carrier Corporation is an employer engaged in an industry affecting commerce.

10. Carrier Corporation is bound to the National Mechanical Equipment Service and Maintenance Agreement for the United States of America ("National Agreement") with the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL-CIO. (A copy of the National Agreement in effect from April 1, 2022 through March 31, 2026 is attached as **Exhibit 1**).

11. Carrier Corporation is currently employing pipefitters that are performing work pursuant to the National Agreement within the territorial jurisdiction of Local 597.

12. Article XII, Para. 37 of the National Agreement provides as follows:

> For all Employees covered by this Agreement wage rates, contributions or deductions for fringe benefit plans, programs, or funds, union dues, vacations, holidays, sick pay, International Training Fund (ITF) contributions and industry promotion Funds (at the discretion of the Employer) contributions shall be in accordance with the established local agreement covering service pursuant to paragraph 11 or per a Schedule "A" for the jurisdictional area...

(**Exhibit 1**).

13. Pursuant to Article XII, Para. 39, Carrier Corporation agreed "to be bound by the written terms of such legally established local trust agreements…" (**Exhibit 1**).

14. When employing pipefitters in Local 597's territorial jurisdiction, the applicable local trust agreements are the Agreements and Declarations of Trust ("Trust Agreements") which created and govern the Funds. (A copy of the Welfare Fund's Trust Agreement, along with Amendment Nos. 1 to 2, is attached as **Exhibit 2**); (A copy of the Retirement Fund's Trust Agreement, along with Amendment Nos. 1 to 4, are attached as **Exhibit 3**); (A copy of the 401(k) Plan's Trust Agreement, along with Amendment Nos. 1 to 6, are attached as **Exhibit 4**); (A copy of the Training Fund's Trust Agreement, along with Amendment Nos. 1 to 3, are attached as **Exhibit 5**).

15. Article IX, Section 7 of the Welfare Fund's Trust Agreement (as amended), Article IX, Section 7 of the Retirement Fund's Trust Agreement (as amended), Article IX, Section 6 of the 401(k) Plan's Trust Agreement (as amended) and Article X, Section 7 of the Training Fund's Trust Agreement (as amended), all provide in relevant part as follows:

    > All Employers bound to contribute to this Trust pursuant to a national collective bargaining agreement are required to maintain a surety bond in the same form and manner required under the applicable Collective Bargaining Agreement **except that the amount of the surety bond will be the highest amount that applies to contributing employers under the applicable Collective Bargaining Agreement as amended from time to time**.

    (Amend. No. 2 to the Welfare Fund's Trust Agreement, **Exhibit 2**) (emphasis added); (Amend No. 2 to the Retirement Fund's Trust Agreement, **Exhibit 3**) (emphasis added); (Amendment No. 5 to the 401(k) Plan's Trust Agreement, **Exhibit 4**) (emphasis added); (Amendment No. 2 to the Training Fund's Trust Agreement, **Exhibit 5**) (emphasis added).

16. Accordingly, pursuant to the Funds' Trust Agreements, Carrier Corporation has a contractual obligation to procure and maintain a bond that adheres to the terms of the applicable Collective Bargaining Agreement.

17. The applicable Collective Bargaining Agreement identified in the Trust Agreements is the Area Agreement negotiated between Local 597 and MCAC. (A copy of the Area Agreement in effect from June 1, 2023 through May 31, 2027 is attached as **Exhibit 6**).

18. Article XI, Para. (c) of the Area Agreement provides that:

> Each Employer shall procure and maintain a Surety Bond payable to the Benefit Funds with respect to Benefit Fund contributions and payments required by Article III, Section 3; payable to the Union with respect to Wage-Work Assessments required by Article III, Section 4; payable to the Union with respect to wages required by Article III, Section 1; payable to the Union with respect to expense allowances required by Article VI; and payable to the Education Fund or the PFCGC with respect to contributions required by Article III, Section 4.
>
> These bonds shall be conditioned upon the Employer paying any and all wages, contractually required expense allowances, Wage-Work Assessments, and Benefit Fund contributions and payments with respect to all Employees and shall guarantee payment of those items to the extent of the principal of the bond. These bonds shall be executed only on a uniform and Union approved form, although the Union shall have discretion to accept an irrevocable letter of credit in lieu of a bond. These bonds – or any equivalent letter of credit accepted by the Union – shall be filed with the Union and shall be made available to the trustees of the Benefit Funds upon request.
>
> The amount of the bond required of an Employer for each calendar year will be based upon the largest number of Employees covered by this Agreement employed by that Employer for any work week in the prior calendar year. The bond amounts shall be determined as follows:
> (1) $50,000.00 for Employers of ten (10) Employees or less;
> (2) $100,000.00 for Employers of eleven (11) to twenty (20) Employees;
> (3) $150,000.00 for Employers of twenty-one (21) to thirty (30) Employees;
> (4) $200,000.00 for Employers of thirty-one (31) to forty (40) Employees;
> (5) $500,000.00 for Employers of forty-one (41) to one-hundred (100) Employees;
> (6) $1,000,000.00 for Employers of one-hundred and one (101) to two-hundred (200) Employees; and
> (7) Employers requiring the services of two-hundred and one (201) or more pipefitters will be required to bond at the minimum level of $1,500,000.00. Additional bonding above this level will be determined by their actual manpower requirements.

(**Exhibit 6**).

19. Carrier Corporation previously procured and maintained a bond in the amount of $200,000.00 and continues to maintain said bond. (A copy of Carrier Corporation's current bond is attached as **Exhibit 7**).

20. Pursuant to the Funds' Trust Agreements, Carrier Corporation is required to procure and maintain a bond in the amount of $1,500,000.00, which is the "highest amount that applies to contributing employers under" the Area Agreement. (Amend. No. 2 to the Welfare Fund's Trust Agreement, **Exhibit 2**); (Amend No. 2 to the Retirement Fund's Trust Agreement, **Exhibit 3**); (Amendment No. 5 to the 401(k) Plan's Trust Agreement, **Exhibit 4**); (Amendment No. 2 to the Training Fund's Trust Agreement, **Exhibit 5**).

21. Despite demands from the Funds to procure a bond in the required amount, Carrier Corporation has failed or otherwise refused to provide the Funds with a Wage and Welfare Bond in the amount of $1,500,000.00 in breach of the National Agreement and the Funds' Trust Agreements (as amended).

22. Carrier Corporation has breached the National Agreement and the Funds' Trust Agreements (as amended) by failing to provide the Funds with a valid Wage and Welfare Bond.

23. Article IX, Section 4 of the Welfare Fund's Trust Agreement (as amended), Article IX, Section 4 of the Retirement Fund's Trust Agreement (as amended), Article IX, Section 4 of the 401(k) Plan's Trust Agreement (as amended) and Article X, Section 4 of the Training Fund's Trust Agreement (as amended), all provide in relevant part as follows:

> In the event that the Trustees utilize legal counsel to aid them in securing compliance by any employer with the provisions of this article, such employer shall be liable for all costs incurred, including, but not limited to, reasonable attorneys' fees, even though no legal actions are actually initiated.

(Welfare Fund's Trust Agreement, **Exhibit 2**); (Retirement Fund's Trust Agreement,

**Exhibit 3**); (401(k) Plan's Trust Agreement, **Exhibit 4**); (Training Fund's Trust Agreement, **Exhibit 5**).

24. Pursuant to 29 U.S.C. § 1132(a)(3), this Court may exercise its equitable powers to compel Carrier Corporation to procure and maintain a bond as required by the National Agreement and the Funds' Trust Agreements.

**WHEREFORE**, the Funds respectfully request:

A. That this Court enter an order requiring Defendant Carrier Corporation to procure and maintain a Wage and Welfare Bond in the amount of $1,500,000.00;

B. That Defendant Carrier Corporation be ordered to pay the reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the Funds' Trust Agreements; and

C. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at Defendant Carrier Corporation's expense.

Respectfully Submitted,

**PIPE FITTERS' WELFARE FUND, LOCAL 597,** *et al.*

By: /s/ Spencer J. Garner - 6349089
*One of Plaintiffs' Attorneys*
Spencer J. Garner
JOHNSON & KROL, LLC
311 South Wacker Drive, Suite 1050
Chicago, Illinois 60606
(312) 320-9420
garner@johnsonkrol.com